M. B. CRAWFORD V. THE BOARD OF COMMISSIONERS OF ELK COUNTY, *et al.*

1. PUBLIC ROAD, *Notice to Open or Vacate.* Before a board of county commissioners lays out or vacates a public road under the provisions of ch. 108, Laws of 1874, relating to roads and highways, (ch. 89, Comp. Laws of 1879,) the county clerk must give the notice required by § 3; and if such notice is not given the order of the commissioners laying out or vacating the road is void for want of jurisdiction in them to make the order.

2. OPENING OR VACATING PUBLIC ROAD; *Records of County Board as Evidence.* The statute does not require that proof of the posting and publication of the notice prescribed in § 3, ch. 108, Laws of 1874, relating to roads and highways, (§ 3, ch. 89, Comp. Laws of 1879,) shall be filed or entered of record on the journal of the commissioners. Therefore, if the commissioners cause a record of the notice to be entered on their journal by the county clerk in conformity with the statute, and the records and files contain everything which the statute requires to be preserved and kept in such a case, they will prove, *prima facie* at least, that the order laying out or vacating a public road is legal and valid. (*Willis v. Sproule,* 13 Kas. 257.)

*Error from Elk District Court.*

ACTION brought by *Crawford* against *The County Board* of Elk county and others, to enjoin defendants from opening a certain public road. Judgment for the defendants at the November Term, 1883. Plaintiff brings the case here. The opinion states the facts.

*R. H. Nichols, S. B. Oberlander,* and *C. J. Peckham,* for plaintiff in error.

*B. L. Brush,* county attorney, and *J. M. White,* for defendants in error.

The opinion of the court was delivered by

HORTON, C. J.: The facts in this case are as follows: In 1878, upon the petition of John Standley, a public highway was located, and ordered to be opened on the section line between the southeast quarter of section 11, and the northeast quarter of section 14, in township 30 south, range 10 east, in Elk county. On October 12, 1880, the plaintiff filed his petition before the board of county commissioners of Elk county to vacate this road. At the meeting of the county commissioners on April 13, 1881, upon the presentation of the petition, viewers were appointed, and May 18, 1881, was designated for their meeting. No notice was given by the county clerk setting forth that a petition for the vacation of the road had been presented as required by §3, ch. 89, Comp. Laws of 1879. Thereafter, the viewers met and recommended that the road be vacated. On July 6, 1881, the commissioners adopted the report of the viewers, and ordered the road to be vacated. On January 4, 1883, upon the application of one Daniel Dougherty, a resident of Howard township, in said Elk county, the commissioners set aside the order of vacation on account of the alleged irregularities, and ordered the road to be reopened. On April 3, 1883, the plaintiff brought this action to enjoin the defendants from opening the road. A temporary injunction was issued by the probate judge of Elk county. Thereafter the case came on to be heard, and after the plaintiff had introduced his evidence the defendants demurred thereto. The court sustained the demurrer, and the plaintiff excepted.

The questions arising in the case are two: First, were the proceedings of the board of county commissioners of Elk county valid in vacating the road in controversy? Second, if not valid, was the road originally established by legal authority? As no

notice was given by the county clerk setting forth that a petition had been presented for the vacation of the road, the county commissioners had no authority to vacate it. (*Troy v. Comm'rs* ante, p. 507.) Under the provisions of ch. 89, Gen. Stat. of of 1868, the county commissioners acquired jurisdiction in the matter of vacating roads from the petition filed before them, and the notice given prior to the presentation of the petition. (Gen. Stat. of 1868, ch. 89, § 3.) The present act relating to roads and highways took effect April 25, 1874, and repealed the prior statute. Under the provisions of sec. 3, ch. 108, Laws of 1874, (ch. 89, Comp. Laws of 1879,) the notice required to be given by the county clerk is so far jurisdictional that if not given, the board of county commissioners has no authority to act. (*Troy v. Comm'rs*, supra.) The statute contemplates that all persons interested may be heard before the viewers, and if no notice is given as required by the statute of the presentation of the petition, and the substance thereof, and of the date designated for the viewers to meet, all the parties interested are not likely to have an opportunity to be present before the viewers. As the notice was wholly omitted in the proceedings to vacate the road, the order of the commissioners to that effect was clearly void for want of jurisdiction in them to make the order.

In this connection, it is proper to add that the record of the board of county commissioners purporting to vacate the road does not contain everything which the statutes require to be preserved and kept in such a proceeding. It does not appear that the county commissioners caused a record of the notice to be entered on their journal by the county clerk. Again, there are other omissions. (Comp. Laws of 1879, ch. 89, § 3; *Willis v. Sproule*, 13 Kas. 257.) This brings us to the question, whether the road was originally legally established? The road was located on July 3, 1878. Therefore, at that time the provisions of ch. 108, Laws of 1874, (ch. 89, Comp. Laws of 1879,) relating to roads and highways, were in force. The petition for laying out the road was in due form; the proper bond was executed; viewers were appointed as required by

the statute; a day was designated for their meeting; a record of the notice given under the provisions of § 3, ch. 89, Comp. Laws of 1879, was entered on the journal by the county clerk; the viewers met and made their report, recommending the location of the road; the surveyor surveyed the road and made a report thereof; the report of the viewers was accepted; the road ordered opened, and the trustee duly notified. Therefore the records and files of the board of county commissioners purporting to establish the road are in regular form. (*Willis v. Sproule,* supra.) This is sufficient. While the statute requires that the county clerk must give the notice prescribed by § 3, ch. 89, Comp. Laws of 1879, there is nothing in the statute which requires that affidavits or other proof of the posting and publication of the notice shall be filed or entered of record. The statute requires that the commissioners shall cause a record of the notice to be entered on their journal by the county clerk. That is all. We cannot, therefore, assume that the notice required by the statute was not given. (*See Bebee v. Scheidt,* 13 Ohio St. 406; *Willis v. Sproule,* supra.) The records presented prove, *prima facie* at least, that the road was legally established. If the notice required to be given by said § 3 had not been given, some evidence to that effect ought to have presented.

The judgment of the district court will be affirmed.

All the Justices concurring.