THE BOARD OF COUNTY COMMISSIONERS OF THE
COUNTY OF COWLEY v. J. M. HOOKER.

No. 13,844.   (78 Pac. 847.)

SYLLABUS BY THE COURT.

HIGHWAYS—*County Commissioners—Congressional Grant.* After a board of county commissioners has established a highway by ordinary condemnation proceedings in which a landowner has been allowed damages, it cannot, on the trial of an appeal from the award, defeat recovery by showing a previous congressional grant of a highway over the same route and an acceptance of such grant by the state legislature.

Error from Cowley district court; CARROLL L. SWARTS, judge. Opinion filed December 1, 1904. Affirmed.

*J. E. Torrance*, and *S. C. Bloss*, for plaintiff in error.

*S. E. Fink*, and *L. H. Webb*, for defendant in error.

The opinion of the court was delivered by

BURCH, J.: On August 10, 1901, a petition was presented to the board of county commissioners of Cowley county, praying for the location of a public highway upon certain section-lines through territory which had originally formed a part of the trust and diminished reserve lands of the Osage Indians. The attention of the board was not called to the act of congress of 1866 (14 U. S. Stat. at Large, 253, ch. 262, § 8, U. S. Rev. Stat. § 2477, 2 U. S. Comp. Stat. 1901, 1567), granting the right of way for the construction of highways over public lands not reserved for public use, and the acceptance of that grant by the legislature of the state of Kansas in 1872. (Laws 1872, ch. 178.) Consequently, the board proceeded in the regular way to establish the highway. Damages

were allowed the defendant in error in the sum of seventy-five dollars for land taken, and deeming the award to be insufficient he appealed.   On a final trial, occurring after the decision by this court of the case of *Tholl v. Koles*, 65 Kan. 802, 70 Pac. 881, the board sought to defeat the recovery of any damages by in-voking the congressional grant and legislative accept-ance above cited.   A judgment was rendered in favor of the defendant in error for the sum of $110, which the board seeks to have reversed.

The board of county commissioners chose its own grounds and assumed its own attitude.   The condem-nation proceedings were instituted upon its own theory, and the defendant in error was challenged to take measures for his protection against conduct to be ex-hibited pursuant to that theory.   The defendant in error was not obliged to determine for himself if the section-lines of his land were already highways.   He could yield to the board's apparent interpretation of the law and the facts relating to that subject.   This he did, and, following the board's prompting, under-took to secure his rights in the proceeding which it had forced upon him.   The board, still consistent, conceded his right and allowed him damages.   The defendant in error, still consistent, then took an ap-peal, which, under the law, limited all further investi-gation to the single question of the amount of his damages.   (*Comm'rs of Lyon Co. v. Kiser*, 26 Kan. 279; *Comm'rs of Wabaunsee Co. v. Bisby*, 37 id. 253, 15 Pac. 241; *Briggs v. Comm'rs of Labette Co.*, 39 id. 90, 17 Pac. 331.)   Having brought on the contro-versy, having laid down the lines within which it should proceed, and having caused the defendant in error to involve himself in trouble and expense on ac-count of the position it assumed, the board cannot

now shift its ground. It cannot now plead ignorance of the statutes of the United States and of the state of Kansas, or ignorance of facts to which those statutes apply, in order to extricate itself from uncomfortable litigation for which it alone is responsible. It cannot thus "mend its hold." (*Redinger v. Jones,* 68 Kan. 627, 637, 75 Pac. 997, 1001; *Sandefur v. Hines,* 69 id. 168, 76 Pac. 444.)

The case is not distinguishable in principle, and is but little different in its facts, from that of *Comm'rs of Wabaunsee Co. v. Bisby, supra.* In that case a county board undertook to establish a road by an ordinary condemnation proceeding. Landowners were duly notified. Viewers met and heard claims for damages presented in response to the notice given. Damages were allowed, and, upon a review of the proceedings by the board, the award of the viewers was approved and confirmed. On an appeal by the landowner, the board sought to defeat recovery altogether by showing that a road had already been established over the same route, and, consequently, that the appellant had lost nothing. This court said:

"The county was treating this matter as if no road had ever been located there. Whatever proceedings had taken place prior to that time the county commissioners were entirely ignoring; they were saying to the defendant: We are about to locate and establish a road over your land, and, if you claim damages, you must present your claim. And after the county board has done this, it cannot be heard to say: A public road is already established over this same route; and therefore the plaintiff is not damaged." (Page 255.)

Such being the law, all other questions discussed in the briefs become immaterial, and the judgment of the district court is affirmed.

All the Justices concurring.