Walbridge v. Russell County.

L. C. WALBRIDGE V. THE BOARD OF COUNTY COMMIS-
SIONERS OF THE COUNTY OF RUSSELL.

No. 14,715.   (86 Pac. 473.)

SYLLABUS BY THE COURT.

1. CONDEMNATION PROCEEDINGS—*Appeal from Award—Petition
—Evidence.* On an appeal to the district court from an award
of damages made by a board of county commissioners the
appellant is not required to file a petition. If, however, he
does file a petition, and alleges therein facts that defeat the
whole or any part of his claim, such facts are effective against
him even though by reason of its former action the board of
county commissioners could not plead such facts as a defense.

2. PUBLIC LANDS—*Railroad Aid Grants—When Title Vested.*
The grant to the Union Pacific Railway Company of the odd-
numbered sections of land within a certain distance on either
side of its proposed railroad became effective upon the filing
of the map of definite location with the secretary of the in-
terior, and related back and vested in the railway company
an interest in the land as of the date of the grant in 1862.
(12 U. S. Stat. at L. p. 489.)

3. —— *Power of Congress to Limit Rights of the Railway
Company.* In the absence of any forfeiture of its rights by
any act or omission of the railway company, it was beyond
the power of congress to derogate from the rights of the rail-
way company in such lands after the filing of the map of
definite location.

4. —— *Grant of Right of Way for Highways—Acceptance
by the State.* The act of congress of 1866 (Rev. Stat. U. S.
1901, § 2477), granting a right of way for highways over
public lands not reserved for public uses, became effective in
Russell county, Kansas, as of the date of the grant, upon the
passage of the act of the legislature of Kansas in 1873 (Laws
1873, ch. 122) declaring all section-lines in that county public
roads. The act of the legislature was, in effect, an acceptance
of the grant.

5. —— *Lands Conveyed by the Grant of a Right of Way.*
The grant of a right of way for public roads never applied
to the odd-numbered sections in Russell county which had
previously been granted to the railway company, but did
apply to the even-numbered sections "within the railroad
limits," provided such even-numbered sections were lands of

the United States not reserved for public use, and no right of a preemption or homestead settler had attached thereto prior to the granting act of 1866.

Error from Russell district court; JAMES H. REEDER, judge. Opinion filed July 6, 1906. Reversed.

## STATEMENT.

ON an ordinary petition, with the requisite number of signers, for the laying out and opening of a public highway, the county commissioners of Russell county appointed viewers to view a proposed road forty feet wide along a certain section-line, abutting upon which the plaintiff in error owned all of three certain sections of land, which were railroad lands that he had bought from the Union Pacific Railway Company in 1883 and of which he had received a warranty deed from the company in 1885. These railroad lands were a part of the congressional grant of 1862, and subsequent acts. A map of the general route of the railroad along the lands was filed in the land-office on July 11, 1866, and a map of definite location was filed with, and accepted by, the secretary of the interior on September 21, 1867. The lands were withdrawn from settlement July 11, 1866, and on February 11 and 13, 1886, all fees due to the United States and its officials were paid. The patent was issued October 21, 1890. These sections of land have been taxed since and including the year 1886, and the plaintiff in error has paid all the taxes.

The plaintiff in error was also the owner of 160 acres of land extending one mile along the south line of a certain section 4, upon which it was proposed to lay out this road. The 160-acre tract in section 4 was public land of the United States upon which a homestead entry had been commuted October 31, 1887, and the homesteader had thereafter conveyed the same to the plaintiff in error. It had been settled upon in May, 1882.

The county commissioners appointed viewers and

took all the steps usual in the laying out of a public road and caused the same to be surveyed. The plaintiff in error claimed damages before the viewers, and they recommended the allowance of $36. The viewers reported to the county commissioners and the report was approved by the board, damages being allowed in the sum of $50, and the road was ordered to be laid out, platted and opened as surveyed. The plaintiff in error then appealed from the award of damages to the district court.

By leave of court the plaintiff in error filed a petition setting forth the above facts and also alleging the enactment of the act of congress of July 26, 1866 (Rev. Stat. U. S. 1901, § 2477), being an act granting a right of way for public roads over lands of the United States not reserved for public use, and also pleaded chapter 122 of the Laws of Kansas of 1873, and chapter 159 of the Laws of 1877, amendatory thereto, being acts relating to the acceptance by Kansas of the grant. The board of county commissioners demurred to the petition, and the district court sustained the demurrer and rendered judgment against the appellant for costs. The appellant brings the case to this court for review.

*J. C. Ruppenthal,* for plaintiff in error.

*W. G. Eastland,* for defendant in error.

The opinion of the court was delivered by

SMITH, J.: On the authority of *Cowley County v. Hooker,* 70 Kan. 372, 78 Pac. 847, the plaintiff in error would have been entitled to recover all the damages he could prove to all of his land taken or affected by the laying out of the public road had he not filed the petition in the district court. The county commissioners, having proceeded to lay out and open the road along the entire length thereof as if no road previously existed over any portion of the line, could not be heard to say, on a trial to determine the amount of damages,

that the road or some portion thereof existed prior to their proceeding. The plaintiff in error, however, having filed the petition and having therein asserted facts which the commissioners would not have been heard to allege, must stand or fall by his petition.

In determining whether the petition stated a cause of action we have to determine, first, whether the grant of the three sections of land to the Union Pacific Railway Company under the act of congress of 1862 became effective and conveyed rights in the land prior to the time of the grant of a right of way for public roads along sections of lands of the United States not reserved for public use, under the act of 1866 (Rev. Stat. U. S. 1901, § 2477)., or whether the converse is true; second, whether the grant of the right of way became effective along the west side of section 4 prior to the acquiring of any rights in the land by the homestead settler who conveyed the same to the plaintiff, or whether the converse is true.

The act of 1862 (12 U. S. Stat. at L. p. 489) for wise and beneficent purposes granted to the Union Pacific Railway Company the odd sections of land along either side of the proposed railroad bed within a certain distance, subject only to the performance by the railway company of certain conditions specified in the act. The petition alleges that all of these conditions were long ago performed by the railway company; that a map of the general route of the railroad along these lands was filed in the land-office July 11, 1866, and on the same day the lands in question were withdrawn from settlement; and that a map of definite location of the route of the railroad was filed with, and accepted by, the secretary of the interior on September 21, 1867. These allegations are taken as true upon the demurrer, and under the law the rights of the railway company attached upon the filing of the map of definite location and related back and became effective as of the date of the grant in 1862. On the other hand, the act of con-

gress in 1866 which granted a right of way for high-
ways over the public lands of the United States not
reserved for public uses (Rev. Stat. U. S. 1901, § 2477),
and which was accepted by the act of the legislature
of Kansas in 1873 (Laws 1873, ch. 122), became effect-
ive upon the passage of the act by the legislature and
related back to the date of the grant in 1866. It will
be observed, therefore, that at the time of the grant
for public-road purposes in 1866 the lands in question
belonged to the Union Pacific Railway Company, or at
least the railway company had an interest therein, and
they were not public lands of the United States within
the meaning of the act of 1866. Indeed, it had passed
beyond the power of congress to derogate from the
rights of the railway company to the lands in question,
which had been conveyed to the company under the
grant of 1862. (*Kneeland v. Korter,* 40 Wash. 359, 82
Pac. 608; *Mo., etc., Ry. Co. v. Kan. Pac. Ry. Co.,* 97
U. S. 491, 24 L. Ed. 1095; *Buttz v. Northern Pacific
Railroad,* 119 U. S. 55, 7 Sup. Ct. 100, 30 L. Ed. 330;
*Railroad Co. v. Baldwin,* 103 U. S. 426, 26 L. Ed. 578.)

As to the strip taken for the road off of section 4,
it will be observed from the foregoing that the grant
of a right of way for public roads became effective and
related back to the passage of the act in 1866, and there
is no allegation in the petition that the government did
not have the full right to dispose of the land at that
time. So far as the petition shows, this section was
United States government land and was not reserved
for public purposes. Nor is there any allegation that
the plaintiff or his homestead grantor had acquired
any right to the land at that time. On the other hand
it affirmatively appears that all their claim of rights
thereto attached many years later. (*Tholl v. Koles,* 65
Kan. 802, 70 Pac. 881.)

There is no allegation in the petition of facts indi-
cating that the roadway along section 4 was not open
from the time of the passage of the act of the legisla-

ture in 1873 (Laws 1873, ch. 122) until the commencement of this proceeding. Hence it cannot be said that the road created by that act along section 4 had been vacated by non-user or that it was "unopened" within the meaning of section 6058 of the General Statutes of 1901. (*Webb v. Comm'rs of Butler Co.*, 52 Kan. 375, 34 Pac. 973; *City of Topeka v. Russam*, 30 Kan. 550, 2 Pac. 669; *Peck and another v. Clark et al.*, 19 Ohio, 367.)

It follows that the petition states a cause of action for damages to the railroad lands, and fails to state a cause of action as to the homestead lands.

The ruling and judgment of the district court is reversed, and the case is remanded with instructions to proceed in accordance with the views herein expressed.

All the Justices concurring.