JOSEPH EBLE V. THE STATE OF KANSAS, *ex rel. Lee Bond, as County Attorney, etc.*

No. 15,350.    (93 Pac. 803.)

SYLLABUS BY THE COURT.

1. HIGHWAYS—*Enjoining Obstruction—Authority of County. Attorney.* The county attorney has power to bring a suit in the name of the state to enjoin obstructions to travel upon a public highway without authority from the board of county commissioners and notwithstanding the disinclination or refusal of the local highway officers to move in the matter.

2. ——— *Proceedings to Open—Validity of Bond.* A bond given at the institution of proceedings to open a road under the law of 1868 is not void because signed by one petitioner, as principal, and by a single surety, who is also a petitioner.

3. ——— *Discontinuance of Use of Opened Road—Limitation of Time to Open.* The statute vacating roads and barring authority for opening roads which have remained unopened for seven years after orders have been made or authority has been granted for opening them does not apply to a discontinuance of use after a road has been opened.

4. ——— *Adverse Possession—Continuing Nuisance—Acquiescence—Abatement.* A private individual cannot obtain title to a public highway by adverse possession. Lapse of time will not bar the remedies of the state against encroachments upon a highway. An obstruction to the public use of a highway is a continuing nuisance, and no equities in favor of a person committing such a nuisance can be founded upon the acquiescence of the highway or other officials or upon their laches in taking steps to punish or abate it.

5. PRACTICE, SUPREME COURT—*Immaterial Error—Findings of Fact and Conclusions of Law.* It must appear that the denial of a request upon the trial court to state findings of fact and conclusions of law separately has prejudiced the substantial rights of the party making the request before a judgment will be reversed because of such denial.

Error from Leavenworth district court; JAMES H. GILLPATRICK, judge. Opinion filed January 11, 1908. Affirmed.

*John T. O'Keefe,* for plaintiff in error.

*Fred S. Jackson,* attorney-general, *Lee Bond,* county attorney, *F. B. Dawes,* and *C. P. Rutherford,* for defendant in error.

The opinion of the court was delivered by

BURCH, J.: The state of Kansas, on the relation of a county attorney, brought suit to enjoin the defendant from the commission of a nuisance by the obstruction of a public highway. The suit was instituted without consulting the board of county commissioners, and without authority obtained from them. Private parties applied to the county attorney for the relief asked and indemnified the state against costs. Private counsel prepared the papers and conducted the trial of the case, but the county attorney signed and verified the petition, appeared at the trial, and participated in the conduct of the proceedings.

On May 31, 1906, at the conclusion of the trial, the court announced orally what its judgment would be. The defendant then proposed to dedicate and open a road through his premises, satisfactory to all parties, in lieu of the highway obstructed, and the court, for the purpose of giving him an opportunity to do so, stated that it would take the case under advisement. On June 19, 1906, a regular motion day under the rules of the court, the defendant for the first time made a request for separate findings of fact and conclusions of law. The request was denied, as coming too late, the court calling attention to the fact that the judgment had already been indicated and that the proceedings were kept open merely on the proposal of the defendant referred to. On the next motion day, a week later, the request for separate findings of fact and conclusions of law was renewed and denied. On July 7 the court made findings and rendered judgment, as follow:

"Now on this 7th day of July, 1906, this case came on for further consideration, and the court, having hereto-

fore heard the evidence and the arguments of counsel, and being well advised in the premises, finds that the road described in the petition in this case and known as the 'Lynn road' was duly and legally established and opened for travel in 1871, and ever since such time has been a public highway; and the court further finds that for more than fifteen years prior to the commencement of this action the defendant maintained fences, cattle sheds and other obstructions in and across said public highway, and continued to maintain said obstructions up to the trial of this case.

"It is therefore now here by the court considered, ordered and adjudged that said defendant, Joseph Eble, is guilty of maintaining a public nuisance.

"It is further considered, ordered and adjudged and commanded that said defendant, Joseph Eble, abate said nuisance within sixty days from this date by removing all of said obstructions, except his barn, from said highway, and he is hereby perpetually enjoined from obstructing the same or any part thereof in any manner whatsoever except as the same is now obstructed by said barn."

The defendant prosecutes error.

It is claimed the county attorney had no authority to bring the suit. The statutes making it the duty of the township trustee to prosecute violations of the road law and giving him authority to remove obstructions, and the statutes prescribing the powers and duties of boards of highway commissioners and road-overseers, are cited. The decisions of this court to the effect that the board of county commissioners has control of the business and financial affairs of the county, and has charge of all litigation in which the interests of the county are involved, are also cited. These statutes and decisions do not govern the controversy. The state at large has an interest in keeping the highways in every county free from obstruction to public travel, no matter what the attitude of the local authorities upon the question may be. The wilful obstruction of a highway is a public offense which the state may prosecute, even though the township trustee be disinclined or refuse to do so. Such an obstruction may be enjoined and abated as a

common nuisance by the state, even though the board of county commissioners should be opposed to the suit; and the legislature has made it the duty of the county attorney to prosecute, on behalf of the people, all suits, civil or criminal, arising under the laws of the state, in which the state is a party or is interested. (Gen. Stat. 1901, § 1777.)

It is claimed the county attorney delegated the authority of his office to the private counsel who did the work in the case. Manifestly this is not true. It was the county attorney's lawsuit all the time, and it is not very important in this proceeding in error who drew the papers or led in the trial. The meritorious question is if the judgment is correct.

It is said no highway was ever established, because the security of the bond given when application was made to lay out the road was insufficient. The statute of 1868, under which the road was established, provides that one or more of the signers of the petition shall enter into a bond, with sufficient security, payable to the state of Kansas, conditioned for the payment into the treasury of the county of all costs and expenses in case the prayer of the petitioner shall not be granted. (Gen. Stat. 1868, ch. 89, § 1.) The bond was signed by one of the petitioners as principal and by another petitioner as surety. Section 6 of the act referred to seems to contemplate that there may be a single obligor in the bond, indicating that perhaps the words "with sufficient security" might mean "in a sufficient sum." However this may be, the bond of one petitioner with one surety complies with the law, and the fact that the surety is also a petitioner does not render the bond void on its face and make the proceeding open to collateral attack.

The statute is cited vacating roads and barring authority for opening roads which have remained unopened for seven years after orders have been made or authority has been granted for opening them. (Gen.

Stat. 1901, § 6058.)    This statute does not apply to a discontinuance of use after a road has been opened. The regular procedure for vacating roads must then be followed.    The court found specifically that this road had been opened.

Certain evidence was tendered which the court declined to consider.  It showed that in November, 1903, a petition was presented asking the board of county commissioners to submit to the electors a proposition to build a bridge at a ford on the road in controversy. Remonstrances were filed.  The county surveyor recommended a change in the road, "for reasons of improvements obstructing the original location of said road as shown on plat."  The commissioners refused to submit the bridge proposition, and ordered that "the road at the place in question be not ordered open, but be and remain vacated."  It is not pointed out how this evidence could have inclined the court in the defendant's favor.  The proceeding did not start as one to vacate a road, but as one to build a bridge.  No single step essential to the vacation of a road was taken, and it is difficult to see how the proceeding could terminate in a valid judgment of vacation.  Considered as the recorded opinion of the board of county commissioners upon the status of the road, the order was neither binding nor enlightening.  In no other light does the evidence appear to have been relevant, and no error was committed in excluding it.

The court likewise rightfully declined to hear evidence of the value of the barricading improvements. The wrong to the public could not be palliated because of the amount of money expended by the wrong-doer in its perpetration.  Perhaps the evidence might have appealed to the court's discretion, but the court took into consideration the character and location of the offending property in exercising his discretion over the allowance of the equitable remedy sought, as the judgment clearly shows, and this was sufficient.

It was admitted upon the trial that the obstruction to travel upon the road had been maintained for more than fifteen years. The defendant claims the statute of limitations has run against the state, that he has acquired title to the road by adverse possession, and that the state is at least estopped to clear the road of obstructions. The weight of authority, supported by the better reasoning, is opposed to this view of the law. The courts of several states have changed their earlier rulings and adopted the modern doctrine. The question is discussed in an elaborate note in 87 Am. St. Rep. 775, where authorities are collated, and in the second edition of Elliott on Roads and Streets, section 882 *et seq.* (See, also, 26 L. R. A. 449, note.) This court is already committed to the doctrine that a private individual cannot obtain title to a public highway by adverse possession; that lapse of time will not bar the remedy of the state against encroachments upon a highway; that an obstruction to the public use of a highway is a continuing nuisance; and that no equities in favor of a person committing such a nuisance can be founded upon the acquiescence of the highway or other officials, or upon their laches in taking steps to punish or abate it. (*McAlpine v. Railway Co.*, 68 Kan. 207, 75 Pac. 73, 64 L. R. A. 85; *Webb v. Comm'rs of Butler Co.*, 52 Kan. 375, 34 Pac. 973, and cases cited in those opinions.)

Error is assigned because the court denied the request for separate findings of fact and conclusions of law. The request came too late. The trial was ended and the character of the judgment indicated when the request was made. The case was in fact decided, but it was held open to enable the defendant to avoid the consequences of the decision, which only needed formal promulgation to make it conclusive.

Even if this were not true, another principle applies. The issues were few and simple. The findings embodied in the journal entry cover substantially all questions of fact essential to a decision. The court's views

of the law are so plain they cannot be mistaken. The defendant does not even suggest that he has been unable satisfactorily to present his case to this court because findings of fact and conclusions of law were not separately stated. He makes no claim of prejudice. A rule of procedure has been violated without injurious consequences. Section 140 of the civil code reads as follows:

"The court, in every stage of action, must disregard any error or defect in the pleadings or proceedings which does not affect the substantial rights of the adverse party; and no judgment shall be reversed or affected by reason of such error or defect." (Gen. Stat. 1901, § 4574.)

It must appear that the denial of a request upon the trial court to state findings of fact and conclusions of law separately has prejudiced the substantial rights of the party making the request before a judgment will be reversed because of such denial. (See *Caldwell v. Bigger*, 76 Kan. 49, 90 Pac. 1095.)

The judgment of the district court is affirmed.