(March 24, 1917.)

GOODING HIGHWAY DISTRICT OF GOODING COUNTY, STATE OF IDAHO, a Corporation, Appellant, v. IDAHO IRRIGATION COMPANY, LTD., a Corporation, Respondent.

[164 Pac. 99.]

HIGHWAYS—PUBLIC DOMAIN—COUNTY COMMISSIONERS.

1.   Power to establish highways is vested, inherently, in the legislature, and in order for a board of county commissioners to accept, on behalf of the state, the grant of right of way over the public domain expressed in sec. 2477, Rev. Stats. U. S., or to lay out a road across private property, it must substantially conform to the state law delegating this power to it and prescribing the manner in which it may be exercised. A mere order, made and entered of record by the board, declaring certain section lines to be public highways, is not a substantial compliance with the law.

2.   The owner of a ditch or canal constructed across an established highway must provide a bridge, at the point of intersection, for the use and benefit of the public, but if the ditch or canal is constructed prior to the establishment of the road which intersects it, the expense of building the bridge must be borne by the county or highway district to which the road belongs.

[As to duty to maintain bridge on highway not erected by highway authorities, see note in Ann. Cas. 1914A, 550.]

APPEAL from the District Court of the Fourth Judicial District, for Lincoln County. Hon. Chas. O. Stockslager, Judge.

Suit to recover the cost of construction of bridges over canals of defendant. Judgment for defendant. *Affirmed.*

A. F. James, for Appellant.

Sec. 2477, U. S. Rev. Stats., reads: "The right of way for the construction of highways over the public lands not reserved for public purposes is hereby granted," and, as long as the land is public land, a mere declaration by the legislature that certain section lines are highways is sufficient to establish them as such. This is true where the statutes provide for the presentation of a petition, the appointment of viewers, etc., as a prerequisite to the establishment of highways. The theory is that the declaration is an acceptance of the grant of the government and sufficient unless private adverse rights in the land affected have intervened in the meantime. (*Tholl v. Koles,* 65 Kan. 802, 70 Pac. 881; *Wells v. Pennington,* 2 S. D. 1, 39 Am. St. 758, 48 N. W. 305; *Wallowa County v. Wade,* 43 Or. 253, 72 Pac. 793; *Molyneux v. Grimes,* 78 Kan. 830, 98 Pac. 278; *Schwerdtle v. Placer County,* 108 Cal. 589, 41 Pac. 448; *Walbridge v. Board of Commrs.,* 74 Kan. 341, 86 Pac. 473; *Mills v. Glasscock,* 26 Okl. 133, 110 Pac. 377; *Board of Commrs. v. Johnson,* 76 Kan. 65, 90 Pac. 805.)

Sec. 934, Rev. Codes, which was in force at the time of the making of the order involved in this case, provides that if written consent be filed with the county commissioners, a mere order is sufficient to establish a highway.

Even construed in connection with this section of our code, there was sufficient compliance, in that the written consent was contained in the Carey Act contract which was, as required by law, of record in the office of the county recorder of the then Lincoln county. With this contract containing the consent of the entrymen to establish highways on section lines over their land, thus recorded in the office of the recorder of the county, and a matter of public record, there has been a sufficient compliance with sec. 934, and the order of the county board as made was sufficient to establish lawful highways along the section lines named in the order.

Oppenheim & Hodgin, E. A. Walters and V. P. Coffin, for Respondent.

In laying out roads under the provisions of secs. 916 to 935, inclusive, Rev. Codes, the board of county commissioners acts as a board of limited jurisdiction. (*Canyon Co. v. Toole,* 9 Ida. 561, 75 Pac. 609; *Prothero v. Board of County Commrs.,* 22 Ida. 598, 127 Pac. 175; *Babcock v. Welsh,* 71 Cal. 400, 12 Pac. 337; 7 Am. & Eng. Ency. Law, 999; *Reed v. Harlan,* 2 Ohio Dec. (Reprint) 553; 11 Cyc. 398, note 98.) It only acquires jurisdiction upon the presentation to the board of a proper and sufficient petition. (*Canyon County v. Toole, supra; Humboldt County v. Dinsmore,* 75 Cal. 604, 17 Pac. 710; *Hill v. Board of Supervisors,* 95 Cal. 239, 30 Pac. 385; 37 Cyc. 71.)

The duties and liabilities of the respective parties, where ditches, canals or conduits cross county or state roads, are prescribed by sec. 3310, Rev. Codes. (*MacCammelly v. Pioneer Irr. Dist.,* 17 Ida. 415, 105 Pac. 1076; *Boise City v. Boise City Canal Co.,* 19 Ida. 717, 115 Pac. 505.)

In California sec. 551 of the Civil Code is similar to sec. 3310 of our Revised Codes, and the same rule is established in that state. (*City of Madera v. Madera Canal & Irr. Co.,* 159 Cal. 749, 115 Pac. 926; *South Yuba Water Co. v. City of Auburn,* 16 Cal. App. 775, 118 Pac. 101.)

MORGAN, J.—Appellant instituted this action pursuant to sec. 3310, Rev. Codes, to recover the cost of construction of certain bridges built across irrigation ditches and canals of respondent. That section makes it the duty of the owner of a ditch or canal to build substantial bridges at all places where it crosses county or state roads, or any road kept open and used by the people of a neighborhood for their convenience and benefit, and provides that in case the owner neglects or refuses so to do, the board of county commissioners of the proper county shall, after ten days' notice, proceed to construct the same, and shall collect the cost thereof, together with costs of suit.

It· appears from the amended complaint that on January 12, 1909, the board of county commissioners of Lincoln county, by order entered of record, declared all section lines within certain townships in that county to be public highways; that appellant was organized as a highway district on June 20, 1911, and succeeded to the ownership of the roads laid out and constructed within its territory; thereafter Gooding county was created from a portion of Lincoln county and the townships in question were included therein; that, prior to the creation of the highway district and during the latter part of the year 1909 and early in 1910, respondent constructed ditches and canals across certain section lines within the aforesaid townships, and that between September 1, 1911, and December 1, 1912, after the ditches and canals had been constructed and put to use, appellant, while building and repairing highways along these lines, constructed sixteen bridges, at points where they intersected the ditches and canals, at an aggregate cost of $1,220; that at least fifteen days prior to building the bridges appellant gave notice to respondent to construct them, but by reason of its refusal to do so appellant was obliged to and did build the bridges at its own cost and expense; that all the land adjacent to the section lines above mentioned, prior to January 12, 1909, the date of the order of the board of county commissioners, was public land of the United States and had been filed upon as "Carey Act" land and was reclaimed and watered by the irrigation system of respondent; that the contract between the state of Idaho and respondent, which provides for the construction of the system and for watering the land, contains the following section:

"Sec. 16.  Highways.—Entries of land are understood to be made subject to a right of way without compensation to the entryman for roads upon all section lines and also upon all half section lines which may be designated by the board of county commissioners, as may be provided by law."

Respondent demurred to the amended complaint. The demurrer was sustained and, upon appellant's refusal to further

plead, judgment of dismissal was entered from which this appeal is prosecuted.

Sec. 2477, Rev. Stats. U. S., provides: "The right of way for the construction of highways over public lands, not reserved for public uses, is hereby granted." It is appellant's contention that in view of this act of Congress, which grants a free right of way for roads across the public domain and in view of sec. 16, heretofore quoted, of the contract between the state and respondent reserving the right to lay out highways along the section lines here under consideration, no other action than that taken by the board of county commissioners was necessary to establish legal highways thereon. In support of this contention the following cases are cited for our consideration: *Schwerdtle v. Placer Co.*, 108 Cal. 589, 41 Pac. 448; *Tholl v. Koles*, 65 Kan. 802, 70 Pac. 881; *Wallowa Co. v. Wade*, 43 Or. 253, 72 Pac. 793; *Walbridge v. Board of Commrs. Russell Co.*, 74 Kan. 341, 86 Pac. 473; *Board of County Commrs. of Cowley Co. v. Johnson*, 76 Kan. 65; 90 Pac. 805; *Molyneux v. Grimes*, 78 Kan. 830, 98 Pac. 278; *Mills v. Glasscock*, 26 Okl. 123, 110 Pac. 377; *Wells v. Pennington Co.*, 2 S. D. 1, 39 Am. St. 758, 48 N. W. 305.

These authorities decide that where the state legislature declares certain section lines on the public domain to be highways, such lines are thenceforth highways on the theory that such a declaration is an acceptance of the grant made by the government, where no private rights have theretofore intervened, and that where the statutes of the state have provided for laying out highways by action of the board of county commissioners or where a right of way has been acquired by prescription such action by the board, in the manner provided by law, or user for the prescribed period, is as complete an acceptance of the government grant as if the legislature itself had acted directly.

In order that an act of a board of county commissioners in laying out a highway be valid, whether it be upon the public domain or over private property, the board must conform, substantially, to the law giving it such authority, because the power to establish highways rests, inherently, in the legis-

lature and not in the board, and the right may be exercised only in such manner as the legislature prescribes. (*Gorman v. Co. Commissioners,* 1 Ida. 553; *Prothero v. County Commrs.,* 22 Ida. 598, 127 Pac. 175.)

Sec. 916 et seq., Rev. Codes, prescribing the methods to be followed by boards of county commissioners in laying out highways, were in force in 1909, at the time of the action of the board which is relied upon by appellant in this case. These sections, at that time and prior to the amendment of the law upon that subject, provided for the filing of a petition by a certain number of residents of the road district in which the proposed highway was to be built; that the petition must describe the route, state the estimated cost and the necessity and advantages of the proposed road. It was necessary that a bond accompany the petition to secure the payment, if it was denied, of the costs of the proceeding; viewers must be appointed whose duty it was to make a report upon the facts alleged in the petition, and a time must be fixed at which those in favor of and those opposed to the establishment of the highway might be heard.

Appellant insists that by section 16 of the contract between the state and respondent all proceedings, such as the petition and hearing, appointment of viewers, etc., were waived and that consent was granted for the establishment of these highways.

Sec. 934, Rev. Codes, was as follows: "Public roads may be established without appointment of viewers, provided the written consent of all the owners of land to be used for that purpose be first filed with the board of county commissioners; and if it is shown to the satisfaction of the county board that the proposed road is of sufficient public importance to be opened and worked by the public, they shall make an order establishing the same, from which time only, shall it be regarded as a public road."

Assuming that respondent could and did give the consent contemplated by that section and that viewers were unnecessary, yet the board must comply with the other provisions of the law. Respondent is not shown by the amended complaint

to have waived (even though it could have done so) the presentation of a petition signed by the requisite number of residents of the district, notice of hearing, or the trial of the question of the sufficiency of public importance of the highways, and the amended complaint does not show that these steps, necessary to invest the board with jurisdiction, were taken.

The most favorable construction to appellant of which section 16 of the contract is susceptible is that respondent consented, for itself and for future entrymen, not to the laying out of highways, nor that they would be of advantage or importance, but only that if the board of county commissioners, after proper petition and hearing thereon, should decide that highways were necessary and of sufficient public importance to justify the expense of their establishment and maintenance, and should otherwise proceed *"as provided by law"* in designating, establishing and laying them out, no compensation would be exacted for necessary land taken for that purpose along section and half-section lines.

The owner of a ditch or canal constructed across an established highway must provide a bridge, at the point of intersection, for the use and benefit of the public, but if the ditch or canal is constructed prior to the establishment of a public road which intersects it, the expense of building the bridge must be borne by the county or highway district to which the road belongs. (*MacCammelly v. Pioneer Irr. Dist.*, 17 Ida. 415, 105 Pac. 1076; *Boise City v. Boise City Canal Co.*, 19 Ida. 717, 115 Pac. 505; *City of Twin Falls v. Harlan*, 27 Ida. 769, 151 Pac. 1191.)

The amended complaint in this case fails to show that the board of county commissioners complied with the statutes in the matter of laying out and establishing the highways in question, and since it could not, legally, act in an arbitrary manner and without regard to the wishes of those whose property was taxable for the construction and maintenance of the same, it follows that the order relied upon by appellant does not appear from the amended complaint to be valid; that the facts alleged in the amended complaint do not show respond-

ent to be chargeable with the cost of constructing the bridges, and the demurrer was properly sustained. (*Canyon Co. v. Toole*, 9 Ida. 561, 75 Pac. 609.)

The judgment appealed from is affirmed. Costs are awarded to respondent.

Rice, J., concurs.

BUDGE, C. J., Concurring in Part and Dissenting in Part. With respect to that portion of the opinion which holds that: "If the ditch or canal is constructed prior to the establishment of a public highway which intersects it, the expense of building the bridge must be borne by the county or highway district to which the road belongs," I concur. But it should be noted that the previous decisions of this court (*MacCammelley v. Pioneer Irr. Dist.*, 17 Ida. 415, 105 Pac. 1076; *City of Twin Falls v. Harlan*, 27 Ida. 769, 151 Pac. 1191) make the question of the duty or the lack of duty on the part of those constructing canals to bridge them, turn upon the question of whether or not the roads were in actual use or were actually constructed at the time the canals were built. Applying that test to this case the demurrer should be sustained.

I am unable to concur, however, in that portion of the opinion which holds that the board of county commissioners of Lincoln county exceeded its authority in the order of January 12, 1909, declaring all section lines public highways. Sec. 2477, Rev. Stats. U. S. (U. S. Comp. Stats. 1916, sec. 4919, 6 Fed. Stats. Ann., p. 498), grants a right of way for highways over public land. The Carey Act granted certain of the public lands of the United States to the state of Idaho. The legislature accepted the conditions of the Carey Act, sec. 1613, Rev. Codes. Sec. 3 of the Carey Act provides:

"Any state contracting under this section is hereby authorized to make all necessary contracts to cause the said land to be reclaimed."

By sec. 1613, Rev. Codes, the selection, management and disposal of said lands is given to the state board of land com-

missioners. Sec. 16 of the contract between the state of Idaho and the respondent company, which is binding not only on said company, but upon all settlers taking up land thereunder, provides:

"Entries of land are understood to be made subject to a right of way without compensation to the entryman for roads upon all section lines and also upon half section lines which may be designated by the board of county commissioners, as may be provided by law."

This would seem to be a sufficient acceptance of the grant on the part of the state, and defines the location upon which roads may be designated. The board of county commissioners of the county in question entered an order declaring all section lines in question to be public highways.

In my opinion the provisions of the Rev. Codes, sec. 916 et seq., were evidently intended to restrict, limit and define the mode of exercising the right of eminent domain, that is, the right of the county to take private property for a public use. Sec. 934, Rev. Codes, provides:

"Public roads may be established without the appointment of viewers, provided the written consent of all the owners of the land to be used for that purpose be first filed with the board of county commissioners; and if it is shown to the satisfaction of the county board that the proposed road is of sufficient public importance to be opened and worked by the public, they shall make an order establishing the same, from which time only, shall it be regarded as a public road."

If I understand respondent's contention correctly, it is that notwithstanding all of the land in question was taken with the right of way on section and half-section lines, reserved, and, therefore, the consent of the owners would not be necessary, that the consent in some manner ought to be filed with the board. It will be noticed, however, that the written consent which is to be filed with the board is, "of all the owners of the land to be used for that purpose." Here the owners of the land in question owned it subject to the easement, for the government had granted a right of way over the land and the state had expressly reserved the rights of way in question

so that there are no owners within the meaning of this section who need be consulted. It is a fundamental principle of law that no one is required, much less a public officer or public board, to do a vain and useless thing, and to require the filing of a written consent where no written consent is necessary and where there is no one to either consent or dissent, would avail nothing.

The question of whether or not it is shown to the satisfaction of the county board that the proposed road is of sufficient public importance is a question addressed solely to the sound discretion of the board, and the fact that the board made an order which is duly and regularly entered of record, designating certain roads, would be an acceptance of the grant, and would carry with it the presumption that the board was satisfied that the roads were of sufficient importance and necessary.

I am of the opinion that the proceedings of the board were perfectly regular and constituted a valid acceptance of the grant, but even if they were not, I think the board had ample authority to enter the order. (*Streeter v. Stalnaker,* 61 Neb. 205, 85 N. W. 47.)