The opinion of the court was delivered by
Brewer, J.:
A question of jurisdiction is raised for our determination. The board of commissioners of Leavenworth county, acting under the provisions of chapter 89, Gen. Stat. of 1868, attempted to establish a public road over the land of the defendant in error, situate in said county. By § 4 of ch. 89, it is the duty of one of the petitioners for the establishment of a road to give at least six days’ notice in writing to the owner or owners, or their agents, if residing in the county, through whose land such road is proposed to be laid out and established, of the time and place of the meeting of the viewers. On the trial of the cause it was shown that Espen (defendant in error) was -a resident of the county of Leavenworth at the time he filed his petition in this action, and had been during all the time the proceedings were pending before the county board. It was also shown that no notice in writing, or notice of any kind, had ever been given to him of such meeting of the viewers. No damages were awarded to him. Was the failure to give this notice fatal to the validity of the proceedings, so that the defendant in error was entitled to an injunction restraining’ the opening of the road? The statutes of Ohio in reference to the opening of roads are, so far as this matter of notice is concerned, or indeed any other matter that can affect this question, similar to our own; and under those statutes this exact question was presented to the supreme court of Ohio, and by that tribunal it was decided that the omission of this notice was not fatal. [Beebe v. Scheidt, 13 Ohio St., 406.) True, in that case the action was trespass against the road supervisor for opening the road, and this is an injunction to restrain the opening; but this difference can *534 not affect the question. The record was held to be sufficient evidence of a legal road, and the notice not a jurisdictional matter. While this decision is not binding as authority, yet it is entitled to great weight as the judgment of so eminent a tribunal upon the precise question. The ground of this decision is, that this notice “has respect, not so much to the laying out of the road, as to the compensation of the owner of the property to be taken therefor.” We had occasion to examine this road law in the case of Venard v. Cross, 8 Kas., 248, and in that, speaking of the order provided for in § 3 of this act for the appointment of viewers and directing the survey, we said: “Prior to making this order, the statute, in previous sections, provides for filing a petition, advertising notice thereof, and giving of bond. After the taking of these steps the county board acquire jurisdiction of the matter, and the right to proceed.” And again: “If the land-owners have received no notice as required b'y section four, unquestionably they have a good claim against the county for damages. Perhaps also they might under some circumstances contest the location and opening of the road.” Those views we reaffirm now. There are no peculiar circumstances in this case calling for the interference of a court of equity. It stands upon the naked fact of a failure to give notice. That notice is not, we think, a jurisdictional one. The jurisdictional notice is given before the order appointing viewers. For a fuller discussion of the question we refer to the opinion of Sutliff, C. J., in the case cited from Ohio.
The judgment of the district court will be reversed, and the case remanded with instructions to proceed in accordance with the views herein expressed.
All the Justices concurring.