THE STATE OF KANSAS v. JOHN FARRY.

HIGHWAY; *Notice to Land Owner, etc., to be Filed.* An omission of the notice to the land-owner, under ¿ 4, ch. 89, Gen. Stat. 1868, did not invalidate the proceedings for laying out a road; but under ¿ 4, ch. 108, Laws of 1874, (¿ 4, ch. 89, Compiled Laws of 1879, p. 809,) no public highway can be established until such notice, with affidavits of service attached, are filed in the county clerk's office.

*Appeal from Chautauqua District Court.*

AT the October Term, 1879, of the district court, *Farry* was charged with and convicted of obstructing a public highway, and adjudged to pay a fine of $100. From this judgment he appeals to this court.

*Chas. J. Peckham,* for appellant.
*J. D. McBrian,* county attorney, for The State.

The opinion of the court was delivered by

HORTON, C. J.: At the October term of the district court of Chautauqua county for 1879, the defendant was convicted of obstructing a road or highway under § 17, of chapter 89, Comp. Laws 1879, p. 812, and adjudged to pay a fine of one hundred dollars. From this judgment he appeals.

The principal question in the case is, whether the failure to give the notice to the land-owner and file in the county

clerk's office the papers and affidavits required by § 4, of chapter 89, Comp. Laws 1879, (§ 4, ch. 108, Laws 1874,) invalidates the proceedings for laying out the road which the defendant is charged with obstructing. At the January term of the court for 1874, it was decided in *Commissioners of Leavenworth Co. v. Espen*, 12 Kas. 531, that the notice under § 4, ch. 89, Gen. Stat. of 1868, was not jurisdictional; that it had respect not so much to the laying-out of the road, as to the compensation of the owner of the property to be taken. The legislature, in an act relating to roads and highways, approved March 7th, 1874, added these words to section 4: "Copies of said notice to owners of lands, with affidavits of service attached, shall be filed in the county clerk's office before said road shall be established." It is a canon of construction, to give effect to the intent of the law-giver. When, therefore, the legislature assumed to change §. 4, of ch. 89, Gen. Stat. 1868, by the adoption of § 4, ch. 108, Laws 1874, it is fair to suppose, in view of the interpretation then given to this section by this court, that the additional words were added for some purpose, and that purpose the correction by legislation of what was supposed to be a defect in the original law. In brief, that the legislature intended to make the notice required by § 4, jurisdictional, and to accomplish this, expressly provided in the new act that before a road should be established, copies of the notice with affidavits of service must be filed in the county clerk's office. We are bound to enforce the legislative intent, and conclude that as the law now stands, a county board has no power to establish a road without first compelling a compliance with the provisions of § 4.

The establishment of a road within the language of chapters 89 and 108 seems to refer to the official order of a county board for the recording of the survey and plat of the road for a public highway. Hence, before this order is made, the county board must see that the papers and affidavits mentioned in § 4 are on file as required by law. As to the wisdom or policy of the change of the law of 1868 by the provisions of the act of 1874, we have nothing whatever to do.

The legislature has seen fit to amend the law of 1868, and we ought not construe away the added words. "It is the function of a judge," says Coke, "not to make, but to declare the law according to the golden metewand of the law, and not by the crooked cord of discretion."

The other questions are unimportant, in view of the fact that the defendant was in the occupation of the land, and claimed to be entitled to it under the right of preëmption. As the road in question was never legally established, the conviction of the defendant was improper.

The judgment of the district court will be reversed, and cause remanded.

All the Justices concurring.