THE BOARD OF COMMISSIONERS OF CHASE CO. v. D. K. CARTER.

HIGHWAY; *Proceedings in Error; Parties Defendant.* In proceedings in error by a land-owner to reverse an order of the county commissioners establishing a road, the principal petitioner, the one giving bond, is a necessary party defendant.

*Error from Chase District Court.*

D. K. CARTER commenced an action in the district court of Chase county, upon a petition in error, from the action of the *Board of Commissioners* of that county, in establishing a public road upon and across certain lands, owned by him in said county. January 13, 1880, the district court vacated the order aforesaid, and the *Board*, defendant, brings the case here.

*W. S. Romigh,* county attorney, and *Carswell & Sanders,* for plaintiff in error.

*Sterry & Sedgwick,* and *F. P. Cochran,* for defendant in error.

The opinion of the court was delivered by

BREWER, J.: This action was commenced in the district court of Chase county, by the defendant in error, who was

plaintiff below, upon a petition in error from the action of the board of county commissioners of that county, in establishing and ordering to be opened a certain road in said county, in which said petition the board of county commissioners was made the only defendant.

Many questions are presented and discussed by counsel, but we shall consider but one, because that is both preliminary and decisive. In due season, the right of plaintiff to proceed in the district court was challenged, on the ground of a defect of parties defendant. It was insisted that the principal petitioner for the road, the party who had given bond to pay all costs and expenses in case the road should not finally be established, had such an interest, and was in fact such a party to the proceeding, that no reversal should be made of the order of the county commissioners without his presence in court. He is the one and the only one pecuniarily injured by a reversal. He must lose not only the benefits of the proposed road, a loss which he shares with others, but also all the costs and expenses which have been incurred. It is also said that the commissioners are not a proper party defendant, because it is their order which is challenged; and the anomaly is presented of a proceeding to reverse the ruling of a court in which the court is the only party defendant. Again, the county makes by a reversal; for, if the road be established, it pays costs, expenses, and damages; if not, it pays nothing, and the principal petitioner bears all expenses. There are reasons, however, why the commissioners should be held a necessary party defendant in a proceeding to review an order establishing a road. The question of a road is not a merely private one — one affecting a few individuals; it is a matter of general public interest; it is a county question, and the county should be heard; but the title under which the county is sued is the board of county commissioners, etc. The county commissioners occupy a twofold position: they constitute a judicial body, which passes upon the propriety and need of a proposed road, whose judgment thereon may be reviewed by proceedings in error; they

also represent the county — are, as it were, trustees for the public, to look after and protect its interests. As such, it is proper that they should be made a party defendant. It is the county which in fact is defending, and which seeks to protect and preserve to the public the highways which have been attempted to be established. But it is also true that the principal petitioner is interested; he has assumed the burden of all costs and expenses, if the road be not established; nor does he occupy, as counsel argue, the position solely of an ordinary security for costs; he is the petitioner — the party on the record, upon whose application the proceedings are originally instituted. True, there are several others who join in this petition, and in one sense they are all parties plaintiff in the proceeding; but the one who gives the bond is the principal petitioner; upon him is the burden of the proceeding. The names of the others are, in a certain sense, only guaranties to the county board that the proposed road is not one simply of individual desire, but of public advantage. If they are parties plaintiff, he is more so. He petitions as do they; he gives a bond and assumes the risk of failure, while they do not. If they should be made parties defendant in a proceeding in error, *a fortiori* should he. And all the question in this case is, whether he should be a party defendant. If a party whose land is sought to be taken is so far a party to the record that he can maintain proceedings in error, (and unless this be so the plaintiff had no standing in the district court,) it would seem that he who initiates the proceedings to take that land, and who is bound for all expenses in case of failure, is an adverse party, and should be heard before the proceedings are adjudged irregular and he be mulcted in a large sum. Grant that in a certain sense these are proceedings *in rem:* if the owner of the *res* is heard to challenge the proceedings, who is an adverse party if it be not he who asks the appropriation of the *res?* Technically, the petitioner is the party plaintiff on the record. In fact, he is the real party pecuniarily interested in and affected by a reversal. His money is as impor-

tant to him as the land-owner's land to him.   Each should be heard; and if either is a party, the other is.

Authority is not wanting.   Our road law was borrowed from Ohio.   True, there is some difference.   The Ohio statute gives certain rights which ours does not; so that decisions in Ohio may perhaps not be considered absolute authority. Yet there is so much similarity in the statutes that a decision of the supreme court of that state carries great weight.   In *Comm'rs of Wood Co. v. Junkins,* 19 Ohio St. 348, it was held that the principal petitioner was a necessary party defendant in a proceeding in error like this.   The court say: "Now whatever may be said about the propriety of making the commissioners defendant by reason of some supposed interest of the county in the question, it is very clear that the parties to the controversy decided by the commissioners, and whose rights and interests were thereby affected, are necessary parties to the proceeding to review and modify or vacate the orders made in the case."   And again:   "A proceeding to reverse the order establishing the road was a direct attack upon the pecuniary right of the petitioners for the road who had given such bond, as well as the interest they had in establishing the road."   Counsel would distinguish between the Ohio statute and ours, and thus avoid the force of that decision.   But the points of difference do not affect this question.   In the Ohio statute there is given to the land-owner a right to petition the county board for a review and to have reviewers appointed and also a right of appeal.   But neither of these matters affects the question as to who are the parties to these road proceedings, who may challenge, and who be heard in defense.   The initiatory proceedings are the same by the two statutes — the petition, the bond, the notice, the order, the viewers.   The only difference is, in the subsequent matters of appeal and review.

Again, counsel refer to the case of *Comm'rs of Wabaunsee County v. Muhlenbacker,* 18 Kas. 129, in which the county commissioners were the only party, and yet the validity of the road proceedings was inquired into and determined.   A

sufficient reply is, that no question as to parties was there raised.   We also think that the county board was a proper party, and the question of a defect of parties must be raised in the lower court or it will not be considered here.

We refer to the case of *The State v. Anderson*, 5 Kas. 90, for a further discussion as to the necessity of having all parties directly interested before the court.

For the reasons above given, the judgment of the district court will be reversed, and the case remanded with instructions to overrule the demurrer to the plea in abatement.

All the Justices concurring.