THE BOARD OF COMMISSIONERS OF CHASE COUNTY v. D. K. CARTTER, et al.

PUBLIC HIGHWAY, *Unauthorized; No Notice to Land-Owner.* A, the owner of certain land through which it was proposed, in 1877, to lay out and establish a public highway, was not personally served with any notice of the time and place of the meeting of the viewers to view the road and give the parties interested a hearing. A notice, however, directed to "B, agent for A," was served upon B. There was no finding by the board of county commissioners, that A was a non-resident of the county or state, or that B resided in the county or state, or was in the possession or control of the premises, or was in any way the agent of A concerning said premises, or to receive any notices. *Held,* The notice to B not a notice to A, and as it did not appear that the notice provided for in § 4, ch. 89,

Comp. Laws of 1879, had been given, and as there was no reason set forth in the record for not giving such notice, and as the owner of the land did not appear at the time and place of the meeting of the viewers, or otherwise waive service of the notice of such meeting, the board of county commissioners of the county where the proceedings were pending had no authority to lay out and establish the public highway through the land of A.

### *Error from Chase District Court.*

At the May Term, 1882, the district court vacated an order made by the *Board of Commissioners*, establishing a public road upon and across certain lands situate in Chase county, and owned by *D. K. Cartter*. This order the *Board* brings here. The facts appear in *Commissioners of Chase Co. v. Cartter*, 24 Kas. 511–515, and in the opinion, *infra.*

*S. P. Young*, county attorney, and *Peyton, Sanders & Peyton*, for plaintiff in error.

*C. N. Sterry*, and *F. P. Cochran*, for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: On July 2, 1877, a petition was filed before the board of county commissioners of Chase county, for the location and establishment of a public highway in that county. July 3, 1877, viewers were appointed to view the road prayed for; November 20, 1877, they made their report; January 5, 1878, the county surveyor made his report, with a plat of the same. At the January meeting of the board for 1878 the report of the viewers was read, and the matter was continued from time to time until the July meeting of the board for 1879, at which meeting an order was made establishing the road so petitioned for. On October 14, 1879, the defendant in error, Cartter, filed a petition in the district court of Chase county, to reverse the action of the board in establishing the road. To this petition, the plaintiff in error filed a plea in abatement, alleging, among other things, that the principal petitioner for the road was a necessary party to the proceedings in error. To this plea the defendant in error interposed a demurrer, which was sustained by the district court. On

January 13, 1880, the court vacated the order of the board establishing the road; thereupon, the board prosecuted its proceeding in error to this court. At the July term for 1880, this court reversed the judgment of the district court, deciding that in a proceeding in error by a land-owner to reverse an order of the county commissioners establishing a road, the principal petitioner is a necessary party. (*Comm'rs of Chase Co. v. Cartter,* 24 Kas. 511.)

Upon the return of the case to the district court, and at its May term for 1881, the defendant in error, with the leave of the court, amended his petition in error by making Edwin Pratt, the principal petitioner for the road, a party to the proceedings in error. On June 9, 1881, after Pratt had been brought into court by summons, the plaintiff in error filed an answer to the amended petition, and to this answer a reply was filed. On December 16, 1881, the principal petitioner for the road filed an answer confessing the errors complained of, and disclaiming any further interest in the proceedings. At the May term of the district court for 1882, the case was again heard by the district court, and the order of the board of commissioners again vacated.

Several questions are presented and discussed, but we shall consider one only, because this is decisive.

Section 4, chapter 81, Laws of 1879, provides:

"It shall be the duty of at least one of the petitioners to cause six days' notice to be given, in writing, to the owner or owners, or their agents, if residing in the county, . . . . through whose land such road is proposed to be laid out and established; and also six days' notice to the county surveyor of the time and place of meeting, as specified in the notice of the commissioners. Copies of said notice to the owners of lands, with affidavits of service attached, shall be filed in the county clerk's office before said road shall be established."

It was held in *The State v. Farry,* 23 Kas. 731, that under the provisions of said section, no public highway could be established until copies of said notice to the owners of lands through which the proposed road was to be laid out, together with affidavits of service attached, were filed in the county

clerk's office where the proceedings were pending.   The only notice to the land-owners, shown by the record, is as follows:

"*To W. H. Cartter, agent for D. K. Cartter, A. S. Howard and Asa Taylor:* You are hereby notified, that pursuant to public notice and advertisement, by order of the board of county commissioners of Chase county, Kansas, viewers will meet at the commencement of a certain proposed county road, in Falls township, on the 8th day of November, 1877, for the purpose of laying out and surveying a certain road, petitioned for by Ed. Pratt and others; said road to be located and established on the following proposed route.   [Here follows the description of the route already given.]

E. PRATT,<br>
<em>One of the Petitioners.</em>

"Dated, Cottonwood Falls, Falls township, Nov. 1, 1877."

There is no finding in the record before us by the board that D. K. Cartter was a non-resident of Chase county, or a non-resident of the state, or that W. H. Cartter resided in the county of Chase, or in the state of Kansas, or was in possession of the premises through which the road was proposed to be laid out, or that he was agent of D. K. Cartter concerning said premises, or had any agency for or control of the land belonging to D. K. Cartter in Chase county, or anywhere else.

The notices were not directed to D. K. Cartter, nor even to W. H. Cartter, *as* agent of D. K. Cartter.  Under these circumstances, the notice served upon W. H. Cartter, even if we assume that the words "agent for D. K. Cartter" are not descriptive only, gave the board of commissioners no jurisdiction to act.   From the record it does not appear that any notice was given to D. K. Cartter, the owner of the land, or to any agent of his residing in the county having the possession, charge or control of the land, or to any other party or person authorized to receive or accept a notice for D. K. Cartter.   It is not pretended that said D. K. Cartter appeared at the time and place of the meeting of the viewers, or that he in any manner waived the service of notice of such meeting

As the record of the establishment of the road fails to

show jurisdiction in the board of county commissioners of Chase county to establish the same, (*Comm'rs v. Muhlenbacker,* 18 Kas. 129,) the judgment of the district court must be affirmed.

All the Justices concurring.