32 507
43 135

32 507
47 289
48 334

32 507
50 637

## LEONARD R. TROY v. THE BOARD OF COMMISSIONERS OF DONIPHAN COUNTY.

1. ROAD — *Vacation; Notice.* The notice required to be given by the county clerk, under § 3, ch. 89, Comp. Laws of 1879, relating to roads and highways, is so far jurisdictional, that if not given as prescribed by the statute, the board of county commissioners has no authority to vacate a road.

2. VACATION OF ROAD, *Premature Action to Enjoin.* Where a petition is presented to the board of county commissioners for the vacation of a public road, and viewers are appointed; and without notice being given by the county clerk, as required by § 3, ch. 89, Comp. Laws of 1879, the viewers file their report, recommending that a part of the road be vacated; and before any order is made to that effect, or any other official action is taken by the county commissioners contrary to the statute, a suit is brought against the commissioners to enjoin them from vacating the road, on the ground that they threaten to and are about to vacate the road without having any authority therefor: *Held,* That the presumption is that the commissioners, when they take final action, will act in accordance with the law, and therefore the suit is prematurely brought.

*Error from Doniphan District Court.*

ACTION brought by *Troy,* to enjoin *The County Board* of Doniphan county from vacating a public road. Judgment for the defendant board, at the March Term, 1884. The plaintiff brings the case here. The facts appear in the opinion.

*Albert Perry,* for plaintiff in error.

*B. A. Seaver,* county attorney, for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: This was an action brought by the plaintiff on January 21, 1884, to enjoin the board of county com-

missioners of Doniphan county from vacating a public road. A petition had been presented therefor to the board on July 3, 1883, and viewers had been appointed to view the road proposed to be vacated. The day fixed for the meeting of the viewers was July 23, 1883; the viewers made their report on August 9, 1883, recommending that a part of the road be vacated. Although several meetings of the board have been held since the report of the viewers, the report has not been acted upon, but from time to time has been laid over for further consideration.

The petition alleged that the board "threatens at its next meeting to vacate the road as recommended by the viewers; . . . and that the board threatens to and will at its next meeting make and spread an order upon the records of the office of the county clerk of said county vacating the road." It was also alleged in the petition "that prior to July 23, 1883—the day of the meeting of the viewers—the county clerk gave no notice by advertisement set up in his office, nor in Wolf River township, in which the road to be vacated lies, of the presentation of the petition to the board, or the substance thereof." Therefore it is claimed that the board of county commissioners had no jurisdiction to vacate the road in question, because of the failure to give the notice required by law. On January 28, 1884, a temporary injunction was allowed by the probate judge of Doniphan county, restraining the board from vacating any part of the road. On March 28, 1884, the defendants demurred to the petition upon the ground, among others, that it did not state facts sufficient to constitute a cause of action. Upon the hearing of the demurrer the court sustained the same. The plaintiff elected to stand upon his petition, and the court rendered judgment in favor of the defendants for all costs.

Section 1 of the act in relation to roads and highways reads:

"That applications for vacating any road shall be by petition to the board of county commissioners, signed by at least twelve householders of the county residing in the vicinity where said road is to be vacated."

And section 3 reads:

" Upon presentation of any petition for the vacation of any road to the county commissioners at any regular session of their board, it shall be the duty of said commissioners, if they find the petition to be a legal one, and that the proper bond has been filed, to appoint three disinterested householders of the county as viewers, and the county clerk shall give notice by advertisement set up in the county clerk's office and in every municipal township through which any part of said road is designed to be vacated, for at least twenty days, and by publication for two consecutive weeks in a newspaper, if there be one published in the county, setting forth that such petition has been presented, giving the substance thereof; and that viewers will, on such day as the commissioners have designated, not more than twenty days after the expiration of the notice herein required, proceed to view said road, and give to all parties a hearing. They shall also cause a record of such notice to be entered on their journal by the county clerk." (Comp. Laws of 1879, ch. 89, § 3.)

We think the notice required to be given by said § 3 is so far jurisdictional, that when it is not given the commissioners have no authority to vacate a road. (*Frizell v. Rogers*, 82 Ill. 109.)

The cases of *Comm'rs of Leavenworth County v. Espen*, 12 Kas. 531, and *Willis v. Sproule*, 13 id. 257, are not applicable in all respects, because those decisions were rendered when the provisions of chapter 89, General Statutes of 1868, were in force. The present act relating to roads and highways took effect April 25, 1874, and repealed the prior statute relating to roads.

Notwithstanding the conclusion we have reached, we perceive no error in the ruling of the district court. The action was prematurely brought, and the court committed no error in sustaining the demurrer and rendering judgment. The notice is required to be given after the viewers are appointed. Since the appointment of the viewers, the county commissioners have taken no steps toward the vacation of the road. The report was filed on August 9, 1883, and this action was not commenced for more than five months afterward. Up to the

commencement of this action, the recommendation of the viewers had not received any favorable consideration, nor had the county commissioners acted in any way contrary to the provisions of the statute. The presumption is, that when they take final action they will act in accordance with law, and that they will not proceed to vacate the road, as they have no authority so to do in the absence of the notice prescribed in the statute. It is true the petition charged that the county commissioners threatened to and were about to vacate the road, but no official action has been taken by them, as yet, in that direction; therefore, the allegation is more in the nature of a statement of apprehension of future injury than of anything else, and this does not constitute, under the circumstances of this case, sufficient ground for interference by injunction. (High on Injunctions, 2d ed., § 591.) Even if the commissioners make an order vacating the road, the order will be void, and cannot affect the rights of the plaintiff. If any steps are taken under a void order vacating the road, the defendant can then apply with confidence to a court of equity.

The judgment of the district court will be affirmed.

All the Justices concurring.