HENRY MILLS v. THE BOARD OF COMMISSIONERS OF NEOSHO COUNTY.

1. HIGHWAY, *Petition to Open.* A petition is necessary to confer jurisdiction upon the board of county commissioners, in opening, altering or vacating public roads.

2. ROAD, *Established — Not Vacated, When.* Where the board of county commissioners has confirmed the report of viewers in favor of a public road, and has ordered it opened, it cannot, at a subsequent session of that body, without any petition therefor, or any notice thereof, reconsider its action ordering the road opened and vacate said road.

3. APPEAL — *Dismissal — Error.* The record examined, and *held,* that the court erred in dismissing the plaintiff's appeal, over his objection.

*Error from Neosho District Court.*

MILLS appealed from the action of the *Board of Commissioners of Neosho County* in disallowing his claim for damages in establishing a highway over his land. After such appeal the board filed a disclaimer to said road, and at the April term, 1889, the court dismissed the appeal, from which dismissal appellant brings error.

*A. S. Lapham,* and *S. W. Brewster,* for plaintiff in error:

The act of the board of commissioners in reconsidering its action establishing the road through plaintiff's land was entirely without jurisdiction, and void. Gen. Stat. of 1889, ¶ 5474; *Troy v. Comm'rs of Doniphan Co.,* 32 Kas. 507.

When the regular session of said board for July, 1888,

finally ended, its jurisdiction over said road ended also, and its action in establishing the road could only be changed after a proper petition therefor should be presented to it for that purpose. *Frizell v. Rogers*, 82 Ill. 109, cited in the opinion in above case; *McNair v. The State, ex rel.*, 41 N. W. Rep. (Neb.) 1099; *Miller v. Schenck*, 43 id. (Iowa) 225.

*H. P. Farrelly*, county attorney, for defendant in error; *J. L. Denison*, of counsel:

Whether the board had or had not authority to vacate the road is not now before this court; and cannot be raised in a collateral proceeding of this kind, as the only matter before the court was the amount of damages sustained by plaintiff in error. The action of the court and the judgment rendered thereon would, as between Mills and the board, be an estoppel. *Myers v. South Bethlehem*, 24 Atl. Rep. 280.

It has frequently been held that a railway company may abandon its purpose to take land, even after judgment assessing damages, upon payment of costs. *Marion v. L. St. L. & T. Rly. Co.*, 14 S. W. Rep. 532; *Gear v. Railroad Co.*, 20 Iowa, 523; *Railway Co. v. Tetus*, 68 Ill. 144; *The State v. Railroad Co.*, 17 Ohio St. 103; *St. L. F. S. & W. Rly. Co. v. Martin*, 29 Kas. 750. See also opinion of Deady, J., in case of *United States v. Oregon Rly. & Nav. Co.*, 16 Fed. Rep. 524; *D. & N. O. Rly. Co. v. Jackson*, 6 Colo. 340; *D. & N. O. Rly. Co., v. Lamborn*, 8 Pac. Rep. 582.

Opinion by STRANG, C.: On the 4th of April, 1888, a petition was presented to the board of county commissioners of Neosho county, praying for the opening of a certain highway across the land of the plaintiff in error and other lands. Viewers were appointed to view and lay out said road. When they met to assess the damages to the different landowners, the plaintiff in error duly presented his claim for damages, which was entirely disallowed by said viewers. July 5, 1888, said board being in session, the road was ordered opened, and the plaintiff's claim for damages was dis-

allowed. The plaintiff then appealed to the district court. At the April meeting of the board in 1889, the commissioners reconsidered their action of July 5, 1888, in ordering said road opened, and then filed a disclaimer in the district court to said road, and asked the said court to dismiss the case at their costs, which was done, over the objection of the plaintiff. The plaintiff is here .alleging that the court erred in dismissing the case over his objection.

We think the contention of the plaintiff in error is just. The board of county commissioners, on July 5, 1888, .confirmed the report of the viewers in respect to the road complained of by the plaintiff, and ordered it opened. It also disallowed the plaintiff's claim for damages. The plaintiff then had a right to appeal to the district court, and there have his claims for damages heard. There is nothing in the record that authorized the court below to dismiss plaintiff's appeal, against his wishes and over his objection. Paragraph 5474, General Statutes 1889, provides for laying out highways, and also for vacating the same; and from this and subsequent paragraphs of the same chapter it will be seen that a petition and notice are necessary jurisdictional factors in the process of either securing or vacating a public road, and these jurisdictional steps are as necessary in order to vacate a road as to lay one out. (*Troy v. Comm'rs of Doniphan Co.*, 32 Kas. 507.) In this case the board reconsidered its action in ordering a public road opened and vacated the same at a session subsequent to the one at which the road was ordered opened, and after one full session had intervened, without any petition asking the vacation of the road having been filed, and without any notice to the public or any person interested. This action of the commissioners was unauthorized and void.

"The order of the county board declaring a section line to be a public highway, or establishing a line of road thereon, and ordering it to be opened by survey of the county surveyor, is an establishment of a public highway on such line which can only be vacated by pursuing the course designated

in said chapter. Therefore an order of a county board afterwards made declaring such highways ' no road,' without any proceedings by petition or otherwise by which they could obtain jurisdiction, held void." (*McNair v. The State*, 41 N. W. Rep. [Neb.] 1099.)

" Where the road records show that the board had reconsidered its action in establishing such road, but no authority therefor was shown, and no notice thereof given, and a regular meeting had intervened since the one at which such road had been established, such action was in the nature of a new and independent proceeding to vacate a road, which, being without notice, was unauthorized and ineffectual." (*Miller v. Schenck*, 43 N. W. Rep. [Iowa] 225.)

The action of the board in reconsidering the establishment of the road, at a subsequent session of that body, without any petition praying such action, and without any notice thereof, being ineffectual, was unavailing in the form of a disclaimer, or otherwise, on the part of the board, to authorize the court to dismiss the appeal of the plaintiff.

We therefore think the court erred in dismissing said appeal, and recommend that the order of the court so doing be reversed.

By the Court: It is so ordered.

All the Justices concurring.