No. 29,561.

THE STATE OF KANSAS, ex rel. WILLIAM A. SMITH, Attorney-general, *Plaintiff*, v. BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF JEFFERSON; AMOS H. LEECH, JESSE LOWE and HARVEY TAIT, Commissioners; THOMAS A. HATFIELD, County Clerk; and FRANK GIVENS, Trustee of Kaw Township, Jefferson County, *Defendants*.

(9 P. 2d 637.)

Opinion filed April 9, 1932.

*Roland Boynton*, attorney-general, *Robert O. Mason*, assistant attorney-general, *Robert Stone, James A. McClure, Robert L. Webb, Beryl R. Johnson* and *Ralph W. Oman*, all of Topeka, for the plaintiff.

*B. P. Davis*, county attorney, *Lloyde Morris*, of Oskaloosa, *W. P. Waggener, J. M. Challis, O. P. May* and *B. P. Waggener*, all of Atchison, for the defendants.

The opinion of the court was delivered by

HUTCHISON, J.: This is an original mandamus proceeding brought by the state of Kansas on relation of the attorney-general against the board of county commissioners of Jefferson county as a board and as individual members thereof, the county clerk and the township trustee of Kaw township of Jefferson county, praying that the defendant county clerk be required to correct his record to show the action of the county board on January 8, 1929, and that the board

and township trustee be required to proceed with the construction and completion of a certain highway known as the Mike Baker road.

An alternative writ referring to the allegations of the motion was issued, and the defendants have all filed motions to quash the writ. The motion of the state included the following allegation:

"At the session of the county commissioners next ensuing, said board found that there were no legal objections appearing against the road, that it was satisfied that said road would be a public utility and said board ordered that the trustee of Kaw township be directed to cause the road to be opened for public travel. In this same action, the board of county commissioners ordered that the road survey and plat be recorded in the office of the county surveyor, all of which was done, as shown by the records of the county clerk and the county surveyor of Jefferson county, Kansas."

It also contains the following minutes kept by the county clerk on the journal of the board of county commissioners for January 8, 1929, and January 12, 1929:

"January 8, 1929. A hearing on the Mike Baker road as described on page 164, par. 7, was had; residents of Kaw township appeared with two members of the township board, who express their willingness to open the road if allowed; a restraining order had been served on the county board, enjoining them from locating the road as set forth in the petition.

"On advice of Attorney Stone the road was allowed by vote of Commissioners Haynes and McCoy over dissenting vote of Com. Amos H. Leech. It was further ordered that if the county attorney concurred in the action of the board as to the legality of allowing said road that warrants should be drawn to pay for land taken and damages as allowed; provided the county attorney concurred in the action of the board in allowing the road located on line as revised by the county engineer."

"January 12, 1929. The county attorney reported that he did not concur in the action of the board in allowing the Mike Baker road; thereupon, the action of the board was ordered set aside."

The motion further alleged that these entries on the journal do not contain true statements of the action of the board, that the fact was that the board in its action on January 8, 1929, actually determined to wait the approval of the county attorney only upon the matter of the warrants issued and not upon the matter of allowing or disallowing the road, the board having already approved the location, laying out and construction of the road.

Plaintiff relies strongly upon its allegation, above quoted, as to the board being satisfied the road would be a public utility and having made the order that the survey be recorded and the road opened for public travel, and also upon that part of R. S. 68-106 under which the petition for the road was being considered, viz.:

". . . and at such session next ensuing the said commissioners shall, if they conclude that said road should be established, altered, or vacated, and no legal objections appear against the same, and they are satisfied that such road will be of public utility, enter an order upon their records that said road, survey and plat be recorded in the office of the county surveyor and from thenceforth said road shall be considered a public highway . . ."

This position is forceful and might be conclusive on a motion to quash if the entries made on the journal do not confuse and disturb the theory of a mistake. The statute above quoted requires that the order be entered upon the record. So we have here two propositions: first, whether the entry of January 8 is such an order, the condition therein applying only to the issuance of warrants; and, second, whether the board might properly change the order at the same session, four days later, regardless of the provision above quoted from the statute.

These would appear to be the features of the case considering the motions to quash as demurrers to the allegations of the alternative writ and the motion therefor, but the parties hereto have stipulated as to the existence of certain other facts to be considered on the motions to quash in connection with the allegations of the writ and motion. Among these facts so stipulated are the filing of the certificate of the viewers on December 20, 1928, and the action of the board thereon that day, as shown by the journal, as follows:

"A view of the Mike Baker road, described on page 164, par. 7, this journal, was made and report on same was that the road be allowed as it would be of public utility; final hearing on same to be January 8, 1929."

Next, a full statement as to the procuring of an injunction order on January 5, 1929, by Wilson, one of the landowners, against the board restraining it from laying out or opening a road on his land lying west of the north-and-south center section line, on both sides of which the road was surveyed because in 1906 a drainage ditch had been located and established there. This is shown to account for the conditional provision in the journal entry of January 8 with reference to the concurrence of the county attorney and road being located on a line as revised by the county engineer. In the face of this injunction it was advised to move the road over twenty-five feet to the east and thus make the north-and-south center line of the section the west line of the road instead of its center line, thereby avoiding the use of any of Wilson's land or interfering with the old drainage ditch.

Also, the following order signed by the chairman and county clerk and correction signed by the county engineer:

"ORDER OF BOARD OF COUNTY COMMISSIONERS
ON FAVORABLE REPORT OF VIEWERS.

"The above report of viewers having been read before the board of county commissioners, and said report being favorable, and no legal objections appearing against the same, and the board, except commissioner Leech, not voting, being satisfied that such road will be of public utility, do hereby order that said road survey and plat be recorded as recommended by said report. It is also ordered that the trustee of the aforesaid township be directed to cause the road to be opened for public travel.

"It is ordered that the road be located as follows: 25 feet east from point of point of beginning; thence north and at a distance of 25 feet; from the north-south line through the center of section 17, to a point 100 feet north of the east-west line through the center of section 17; thence (W. 25 ft. thence) north to point of ending.

"Done this 8th day of Jan., 1929.          ARTHUR HAYNES, *Chairman.*

"Attest: THOS. A. HATFIELD, *County Clerk.*

"This insertion in writing (W. 25 ft. thence) on description is made to correct a clerical error in the road as ordered laid out by the board.

"R. C. HAM, *Co. Sur.*"

And a protest and order of adjourning immediately following the entry of the concurrence of the county attorney in the journal as follows:

"Mrs. Emma Epler, in behalf of G. W. Peck, made protest against the location of the Mike Baker road, if allowed, on said G. W. Peck's land on the east side of the proposed route.

"The board adjourned to meet on January 12 to take up matters that might properly come before them at this time."

Also, a statement in a supplemental stipulation showing that Wilson dismissed his injunction suit in March, 1929, and that before the bringing of this action the application by the original road petitioners to the county board to correct its journal entry to show the road to have been allowed or moved twenty-five feet to the east was overruled by the board upon disputed evidence.

If the question was upon a positive allegation of the road having been allowed and ordered opened and a plain mistake in the record thereof on the journal, the alternative writ would certainly state facts sufficient to constitute a cause of action as against a motion to quash. It may be conceded that the most natural construction of the conditional provision to the order in the journal affects only the issuance of warrants. The law requires the approval of the

county attorney for the issuance of warrants, but does not require it for the locating and establishing of a road. Other things as well as the language of the entry deserve consideration as to the allegation of a mistake. An injunction was pending; the matter was postponed a day. Special advice was procured and the order was made after the advice was given. The board was divided in opinion and vote. A protest was entered of record against moving the road over twenty-five feet, and a definite adjournment was taken and entered by the board to January 12 "to take up matters that might properly come before them at this time." Four days later, after hearing from the county attorney and learning of his nonconcurrence, the board set aside its order of January 8 not as to the issuance of warrants but as to the whole order.

This action of the board four days later helps to show the understanding of the members of the board as to this conditional provision being limited to the issuance of the warrants. It unmistakably shows that they were then attempting to undo what they thought they had done conditionally. But because of the natural construction of the language being otherwise, and because of the liberal rule in favor of the full import of pleadings when subjected to a demurrer, we hesitate to conclude that no mistake in the making of the record has been sufficiently alleged.

It is urged by the defendants that even if the action of the board on January 8 could be regarded as allowing and locating the road, that action was annulled and set aside by the action of the board on January 12 and therefore there exists no road which they could be required by an order of court to open and establish. Plaintiff contends that immediately after the action of the board on January 8 the road was, under the provision of the statute, R. S. 68-106, considered a public highway, and from and after that date the board lost all jurisdiction concerning the matter and could not set aside that action, reconsider the matter or vacate the road without a new petition requesting its vacation, citing the following cases showing the want of jurisdiction without a sufficient petition for either establishing or vacating a highway: *Comm'rs of Wabaunsee Co. v. Muhlenbacker,* 18 Kan. 129; *Oliphant v. Comm'rs of Atchison Co.,* 18 Kan. 386; *Troy v. Comm'rs of Doniphan Co.,* 32 Kan. 507, 4 Pac. 1009; *Crawford v. Comm'rs of Elk Co.,* 32 Kan. 555, 4 Pac. 1011; and *State v. Horn,* 34 Kan. 556, 9 Pac. 208. These authorities are

exactly in point if the action of the board four days later is to be considered an action under the highway statute to vacate an existing road. Reference is made to the following decision in the case of *Gehlenberg v. Saline County,* 100 Kan. 487, 165 Pac. 286:

"Under the provisions of section 6, chapter 108, Laws of 1874, providing that when the viewers' report, the survey and the plat of a road have been recorded pursuant to order of the board of county commissioners, 'from thenceforth said road shall be considered a public highway,' the record indicated is *prima facie* evidence that the road was legally established, and a landowner attacking collaterally the existence of the road has the burden of establishing the nonexistence of jurisdictional facts." (Syl. ¶ 4.)

Plaintiff also cites the case of *Mills v. Comm'rs of Neosho Co.,* 50 Kan. 635, 32 Pac. 361, and *Stock Farm Co. v. Pottawatomie County,* 116 Kan. 315, 226 Pac. 781, to show that jurisdiction is lost when the board at a subsequent meeting attempted as in this case to do something further or different from what had already been done. None of these cases show an adjournment of the board, as the case at bar does. In the Mills case the board on July 5, 1888, allowed the road and ordered it opened. At the April, 1889, session, nine months later, the board reconsidered its action and it was held that—

"Where the board of county commissioners has confirmed the report of viewers in favor of a public road, and has ordered it opened, it cannot, at a subsequent session of that body, without any petition therefor, or any notice thereof, reconsider its action ordering the road opened and vacate said road." (*Mills v. Comm'rs of Neosho Co.,* supra, syl. ¶ 2.)

In that case it was conceded that the board had jurisdiction during the session of the board at which original action had been taken by it. In the Pottawatomie county case the road had been established on January 7, 1909, and at the session of the board on April 9 following an attempt was made to remove the road forty rods to one side, and it was held to be ineffectual as to closing or vacating the original road. Boards of county commissioners have sessions the same as courts have terms. Such regular sessions, unless under special provision, are monthly, beginning on the first Monday in each month (R. S. 19-206), and as courts they may be adjourned from time to time so that the proceedings had on an adjourned day have the same force and validity as if done at the regular meeting.

"In the absence of any express provision to the contrary, when a county board is once lawfully convened, either in regular or special session, it may

adjourn or take a recess to a subsequent day or from day to day until the business before it is finished. . . . A meeting held in pursuance to a valid order of adjournment is but a continuation of the regular session, and ordinarily any business may be transacted at it which might have been transacted at the meeting of which it is a continuation." (15 C. J. 462, 463.)

The very order of the board now under consideration, as it appears on the journal, is followed with the order adjourning the board to meet on January 12 "to take up matters that might properly come before them at this time." This right of adjournment, as applied to boards of county commissioners in road cases, was confirmed in an early decision in this state.

"In proceeding to open and lay out a public road, after the report of the viewers has been filed in the county clerk's office, the county commissioners are not compelled to take final action thereon at their first meeting, but may postpone such action until some subsequent meeting, without losing jurisdiction." (*Masters v. M'Holland,* 12 Kan. 17, syl. ¶ 1.)

In the case of *Higgins v. Curtis,* 39 Kan. 283, 18 Pac. 207, it appears the board on July 5 rejected the report of the viewers. On July 6 the board reconsidered the matter, and on July 23 the road was allowed and located, and it was held—

"Where a board of county commissioners rejects a report of viewers appointed by it to lay out and locate a public road, such board may at the same session reconsider its action by which said report was rejected, and may continue further action thereon to a future day of that session, without thereby losing jurisdiction." (Syl. ¶ 1. See, also, *Smith v. Eureka Bank,* 24 Kan. 528; *Molyneux v. Grimes,* 78 Kan. 830, 98 Pac. 278; *Hauserman v. Clay County,* 89 Kan. 555, 132 Pac. 212; and *Fleming v. Ellsworth County Comm'rs,* 119 Kan. 598, 240 Pac. 591.)

We think there is no question as to the board retaining jurisdiction of the road case submitted to it after its action thereon on January 8 when it definitely adjourned to January 12, and that it had full and complete jurisdiction at that time and in the same session to set aside its order of four days earlier. The special provision in the statute as to its being considered a public highway after the first action thereon, is similar to the lien of a judgment relating back to the first day of the term at which it was rendered, and yet after such lien thus attaches the court may set aside the judgment at any time before the close of the term.

Many other points both pro and con are presented in this case and are ably briefed, but with the conclusion reached above as to

the jurisdiction of the board to set aside whatever was done four days earlier in the same session, they cannot change or affect the result.

It is further contended that the reaching of a determination that the writ should not be allowed will not dispose of the case nor set. the writ aside. This proposition may be in connection with some contemplated amendment of which we are not at this time advised.

The motions to quash the writ are sustained and the writ is denied.

SMITH, J., not sitting.