Leonard L. Buddenbohm Atchison County Counselor 107 North Sixth Street Atchison, Kansas 66022
Dear Mr. Buddenbohm:
As Atchison County Counselor you request our opinion on the question:
 "Is a surveyor designated by the county always required to be present at the noticed time and place for viewing pursuant to K.S.A. 68-104 and 68-106 even if the commission/viewers are only considering vacating a road and do not intend to request a survey? If so, is he always required to survey when the commission is simply vacating a road, or is he required to be present but with the option of doing no survey unless directed to do so at the sole discretion of the commissioners/viewers?"
You indicate that these questions have arisen, in part, because language in K.S.A. 68-106 seems to imply that a survey is not required unless it is directed by the county commission.
K.S.A. 19-212 Ninth provides boards of county commissioners with the authority to "lay out, alter or discontinue any road running through one or more townships in such county, and also to perform such other duties respecting roads as may be provided by law."
K.S.A. 68-104 states:
 "Upon presentation of any petition for a road, or for the alteration or vacation of any road, to the county commissioners, at any regular session of their board, it shall be the duty of said commissioners, if they find the petition to be a legal one, and that the proper bond has been filed, to appoint three disinterested householders of the county as viewers with said commissioners, who may act as viewers of said road, and the county clerk shall give notice by advertisement . . . and by publication. . . .
 "They shall also cause a record of such notice to be entered on their journal by the county clerk. They shall issue an order directing the county surveyor to meet with them at the time and place named in said notice to survey such road. In case of failure to meet on the day designated, they may meet on the following day, without further notice; and in case of failure to meet within the time herein specified, new notice shall be given as hereinbefore provided; that in all applications for the location, change and relocation of any road to be located upon or along any section line, and the petition shall so state, and shall specify the section lines to be followed, the place of beginning and the place of ending, the survey may be dispensed with, and in case the owners of the lands taken agree in writing to the proposed location, relocation, or change, and the commissioners are satisfied that the location, relocation or change prayed for is practicable, and can be made without unreasonable expense, they may dispense with the viewing of such location, relocation or change of road, and shall order the same to be surveyed, platted and opened, and shall also direct the county engineer to note such location, relocation or change of roads upon the road records of his office."[1]
K.S.A. 68-106 states:
 "It shall be the duty of the commissioners or said viewers or a majority of them, and the county surveyor to meet at the time and place specified in the notice aforesaid, or on the following day thereafter, and they may, if they deem it necessary, take to their assistance two suitable persons as chain carriers and one as marker, and then proceed to view, survey, lay out, alter or vacate the road as prayed for in said petition, or as nearly so as a good road can be made at a reasonable expense, taking into consideration the utility, convenience and inconvenience, and expense which will result to individuals as well as to the public, if such road, or any part thereof, shall be established and opened or altered.
. . . .
 "If the commissioners or viewers, after viewing such proposed road, shall so direct, the county surveyor shall survey the said road under their direction, and cause the same to be conspicuously marked throughout, noting the courses and distances.
. . . .
 "[T]he said commissioners shall, if they conclude that said road should be established, altered, or vacated, and no legal objections appear against the same, and they are satisfied that such road will be of public utility, enter an order upon their records that said road, survey and plat be recorded in the office of the county surveyor and from thence forth said road shall be considered a public highway, and the county surveyor shall issue his order to the trustees of the respective townships in which said road is located, directing them to cause the same to be opened for the public travel at the time and in the manner indicated by him. . . ."[2]
A board of county commissioners has discretion to determine whether a county road is opened pursuant to K.S.A. 2005 Supp.68-101 et seq. In laying out and opening a county road, a board of county commissioners must satisfy applicable statutory requirements and specifications, including the width requirements of K.S.A. 68-116.[3] A road may be a public road if it has been established and opened pursuant to K.S.A. 68-102 et seq.,
or if it is declared to be a public road or highway by the board of county commissioners pursuant to K.S.A. 2005 Supp.68-124.[4]
K.S.A. 68-104 and 68-106 provide some of the procedure by which counties may open or close roads. Both statutes were enacted in 1911 and have not been amended since that time. Moreover, it does not appear that the issue of whether the presence of a surveyor or an actual survey is legally required in order to vacate a road has ever been the subject of a reported case. Case law citing to these two statutes and the creation of a new county road generally only mention surveys in connection with laying out or changing the course of a road.[5]
K.S.A. 68-106 provides that the commissioners shall order the viewers' report, the survey and the plat to be recorded, and that "from thence forth said road shall be considered a public highway." "This is a legislative declaration, that upon the recording of the report, survey and plat, the road shall be regarded prima facie as legally established. The declaration is unqualified, binds landowners, public officials and the courts, and casts upon any person contesting the road proceedings the burden of establishing their invalidity."[6]
Thus, in opening or laying out or even arguing about the actual location of a public road, a survey appears to be necessary and a common practice.
However, vacation of a county road may not always require a survey. While challenges to the process of vacation occur, it does not appear that such challenges have been based upon lack of a survey. Rather, such challenges are typically based upon notice or factual issues.[7]
K.S.A. 68-102 authorizes a board of county commissioners to vacate any road within its jurisdiction upon presentation of a petition. Further, under K.S.A. 68-102a, a board of county commissioners may vacate a road without the presentation of a petition for vacation, providing notice is properly given to owners of property adjoining the road. The exercise of the authority to vacate a road must follow the statutory procedure in order to be valid.[8] However, we have located no case law wherein the vacation of a road was judicially reversed because a new survey of the road was not done prior to that vacation. As stated in Heatherman v. Kingman County Commissioners, "[w]hen determining whether a road shall be vacated, the board of county commissioners must consider and decide two classes of questions, first, whether there is legal objection, second, how vacation of the road will affect the public welfare. The second question involves matters of policy and expediency. The first question may involve invasion of a private, legally protected interest. The first question is judicial in its nature. The second is legislative."[9]
In reading K.S.A. 68-104 and K.S.A. 68-106, together with reported case law citing to the two statutes, it appears that the services of a surveyor are only required for vacating a road when the county commission decides that it is actually necessary to determine (or re-determine) the actual physical location and legal description of the road in question. This is a factual issue which must be determined on a case-by-case basis.
This reading of the two statutes in question is further supported by K.S.A. 19-1420:
 "Upon the establishment of any road, the county surveyor shall enter the plat and field notes thereof upon the official road record of the county. He shall, when ordered by the board of county commissioners, make out a complete description of all or any part of the real estate of his county, to be made out and entered in proper rolls furnished by the county clerk for such purpose. The county surveyor shall, when ordered by the county commissioners,
make complete surveys, plans, specifications and estimates for all bridges, culverts, roads, ditches, or other public works to be constructed under the authority of the board of county commissioners, and shall report the same with his recommendations thereon, and when so ordered he shall superintend the construction of such work, and make reports on the progress of the same to the board of county commissioners as often as they may require: Provided, That the board of county commissioners may employ a civil engineer or architect to act alone or in conjunction with the county surveyor in making plans, specifications and estimates for any bridge, culvert, road, ditch or other public work to be constructed by the county, and in superintending the construction of the same."[10]
Taking all this authority into consideration, we find no legal requirement that a surveyor be present, or a survey be conducted, in connection with every vacation of a county road. There may be fact specific circumstances wherein such a survey or the assistance of a surveyor would prove helpful or advisable in connection with vacating a specific public road. However, we have found no legal requirement that imposes a duty upon a county to involve a surveyor in every county road vacation decision or process.
Therefore, It is our opinion that neither K.S.A. 68-104 nor68-106 requires a survey or the assistance of a surveyor prior to a county taking action to vacate a county road, however, such a survey may be factually required if the actual location of the public road being vacated is not known or is at issue or discretionarily performed if a county wishes to provide abutting landowners or the general public with additional or actual notice as to the actual site of the vacated road.
Sincerely,
 Phill Kline Attorney General of Kansas
 Theresa Marcel Bush Assistant Attorney General
PK:JLM:TMB:jm
[1] Emphasis added.
[2] Emphasis added.
[3] Attorney General Opinion No. 2000-30.
[4] Attorney General Opinion No. 91-163.
[5] See, e.g., Barrett v. Ninnescah Bow Hunters Association,15 Kan.App.2d 241 (1991) (when road viewers' report, survey and plat have been recorded, everything essential to legal establishment of road is considered as having been done; recording of a survey and plat is not required when road to be opened is located upon or along a section line); State v. Boardof Commissioners of Jefferson County, 135 Kan. 7 (1932) (road opened for public travel; the board of county commissioners ordered that the road survey and plat be recorded in the office of the county surveyor); Wyandotte County Commissioners v.Abbot, 52 Kan. 148 (1893).
[6] Gehlenberg v. Saline County, 100 Kan. 487, 491 (1917).See also Attorney General Opinion No. 91-140.
[7] See e.g. England v. Duncan, 10 Kan.App. 577 (1900).
[8] See Mills v. Commissioners of Neosho Co., 50 Kan. 635
(1889) and Stock Farm Co. v. Pottawatomie Co., 116 Kan. 315
(1924).
[9] 123 Kan. at 77, 78 (1927).
[10] Emphasis added.